# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

NANCY PIQUION,            CASE NO.: 0:20-cv-60407

    Plaintiff,

v.

LITTLE CRAYONS PRESCHOOL I, LLC a/k/a LITTLE
CRAYONS PRESCHOOL II, LLC a/k/a CCS
INVESTMENTS OF TAMARAC, LLC,

    Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Nancy Piquion (the "Plaintiff"), by and through counsel, sues Defendant, Little Crayons Preschool I, LLC a/k/a Little Crayons Preschool II, LLC a/k/a CCS Investments of Tamarac, LLC (the "Defendant"), and states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201.

2. This Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

4. The Plaintiff is a citizen of the State of Florida and a resident of Broward County.

5. Defendant, Little Crayons Preschool I, LLC a/k/a Little Crayons Preschool II, LLC a/k/a CCS Investments of Tamarac, LLC is a Florida limited liability company doing business in Broward County, Florida.

## ALTER EGO ALLEGATIONS

6. Little Crayons Preschool I, LLC, Little Crayons Preschool II, LLC, and CCS Investments of Tamarac, LLC, do not maintain corporate formalities and do not operate as separate and distinct legal and operational entities separate from their owner/operator, Sasha Miracola ("Ms. Miracola").

7. For the matters and functions alleged and relevant herein, these entities were merely the alter egos of Ms. Miracola, who disregarded corporate distinctions in practice. These entities were the mere instrumentalities for the transaction of Ms. Miracola's business. As a result, Ms. Miracola's various corporate entities are jointly liable for the actions complained of herein.

8. Accordingly, when the Plaintiff alleges the "Defendant" as the actor or responsible party, she is alleging the participation and responsibility of Little Crayons Preschool I, LLC, Little Crayons Preschool II, LLC, and CCS Investments of Tamarac, LLC collectively.

## APPLICABILITY OF THE FAIR LABOR STANDARDS ACT

9. At all times material hereto, the Plaintiff was employed by the Defendant within the meaning of the FLSA.

10. In performing her duties for the Defendant, the Plaintiff was engaged in commerce within the meaning of the FLSA.

11. In performing her duties for the Defendant, the Plaintiff used goods and products that had been moved or produced in interstate commerce.

12. At all times material hereto, the Defendant has used goods and products that have been moved or produced in interstate commerce.

13. At all times material hereto, the Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

14. The Plaintiff was employed by the Defendant from approximately March 2019 to October 28, 2019 (the "Covered Period").

15. Throughout the Covered Period, the Plaintiff worked for the Defendant as a teacher/director at the Defendant's preschool location in Tamarac, Florida.

16. Throughout the Covered Period, the Plaintiff was a full-time employee of the Defendant.

17. Throughout the Covered Period, the Defendant paid the Plaintiff on an hourly basis at $13.00 an hour.

18. Throughout the Covered Period, the Plaintiff was required to work in excess of forty (40) hours a week.

19. Throughout the Covered Period, the Plaintiff worked approximately 305 hours of overtime.

20. The Defendant knew or should have known that employees, like the Plaintiff, routinely were required to work overtime in order to accomplish their assigned tasks.

21. The Plaintiff was not fully compensated for her overtime.

22. The Defendant did not fully compensate the Plaintiff's overtime because the Defendant has a policy of not paying its employees overtime.

23. The Plaintiff is owed approximately $5,947.50, not including liquated damages.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARD ACT (29 U.S.C. § 207)

24. The Plaintiff realleges and incorporates by reference paragraphs 1 to 23.

25. Under the FLSA, the Plaintiff was entitled to pay for every hour she worked for the Defendant and for overtime premium compensation of one and one-half times her regular rate of pay, for the hours she worked beyond forty (40) per week for the Defendant.

26. By the above course of conduct, the Defendant violated the FLSA.

27. Upon information and belief, the Defendant's practice of not compensating the Plaintiff overtime was not approved in writing by the United States Department of Labor.

28. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based on the Defendant's review of any policy or publication of the United States Department of Labor.

29. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any advice of counsel received by the Defendant.

30. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any investigation by the Defendant of whether the Plaintiff actually exceeded forty (40) hours during any pay period.

31. Consequently, the Defendant has violated the FLSA willfully.

32. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendant her unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

(a) awarding damages in the amount of her unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(b) awarding additional liquidated damages equal to the amount of her unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(c) awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

(e) granting any other legal or equitable relief the Court deems just and

proper.

## COUNT II – FRAUD

33. The Plaintiff realleges and incorporates by reference paragraphs 1 to 23.

34. The State of Florida offers free prekindergarten for all 4-year-olds regardless of family income, which is commonly known as the voluntary prekindergarten education program ("VPK"). VPK helps children become ready for kindergarten.

35. VPK is free to parents because the State of Florida pays eligible schools the cost of each child's tuition. Eligible schools are paid by the State upon the submission of appropriate documentation.

36. Among other requirements, to be eligible for government payments, a VPK provider must employ a director licensed by the State of Florida.

37. The Plaintiff is a director licensed by the State of Florida. The Plaintiff was hired by the Defendant, in whole or in part, to enable the Defendant to receive payments from the State for VPK services.

38. During her employment, the Plaintiff discovered that the Defendant was using her personal information and her licensing credentials to defraud the State of Florida.

39. Specifically, at all times material hereto, the Defendant's Tamarac location, which the Plaintiff worked at, was *not* eligible for receiving government payments for VBK services. However, one or more of the Defendant's other locations *were* eligible to receive such payments.

40. In order to circumvent Florida law and using the Plaintiff's licensing credentials, the Defendant intentionally falsified documents submitted to the State to make it appear that students under the Plaintiff's care in Tamarac attended one of the Defendant's *other* locations, which were eligible for government payments.

41. The Defendant falsified documentation and made these false statements in order

to defraud the State of Florida into making payments to the Defendant for VPK services that should not have been made.

42. When the Plaintiff learned of this, the Defendant indicated to the Plaintiff that if the fraud were ever detected, the Defendant would attempt to blame the Plaintiff, whose licensing credentials the Defendant misused in order to accomplish the fraud.

43. However, the Plaintiff derived no financial benefit from the Defendant's fraud. The Defendant's threats were meant to intimate the Plaintiff and discourage her from reporting the fraud.

44. The Defendant's fraud places the Plaintiff's licensing credentials, and therefore her livelihood, at unreasonably risk of forfeiture and it also unreasonably subjects the Plaintiff to potential criminal and civil liability.

45. Since the Defendant's fraud may be discovered at any time and the Defendant intends to blame the Plaintiff when and if so discovered, the danger and risks posed to the Plaintiff are ongoing and continuous.

46. The Defendant's fraud has caused the Plaintiff damages.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding fees and costs incurred in this action; and

(c) granting any other legal or equitable relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

DATED February 25, 2020.

        Respectfully Submitted By:

        Gulisano Law, PLLC
        5645 Coral Ridge Drive, Suite 207
        Coral Springs, FL 33076
        954-947-3972 – office
        954-947-3910 – fax
        michael@gulisanolaw.com – email

        <u>s/ Michael Gulisano</u>
        Michael Gulisano, Esquire
        Florida Bar No.: 87573